# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LEONARD McBROOM,

                    Petitioner,            :     Case No. 3:16-cv-514

     - vs -                         District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

RHONDA R. RICHARD, WARDEN,
 Madison Correctional Institution,

                                          :
                    Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Respondent's Motion to Dismiss on grounds the Petition is barred by the statute of limitations (ECF No. 8). Petitioner opposes the Motion (ECF No. 10).

**Procedural History**

The procedural history is recited in the Motion to Dismiss as follows:

> In 1989, McBroom was convicted of four counts of robbery and four counts of aggravated robbery with firearm specifications. The Montgomery County Court of Common Pleas imposed a total prison term of 3 years for the firearm specification plus an indefinite prison term of 27-40 years. (Doc. #7, SCR, Exhibits 1-3, Case No. 89-CR-268, PAGEID #: 50-52.)

> Also, in 1989, McBroom was convicted of one count of robbery. The Greene County Court of Common Pleas sentenced McBroom to an indefinite term of 3-15 years in prison, to run concurrently with the sentences imposed in Montgomery County Case Number

1

89-CR-268. (Doc. #7, SCR, Exhibit 4, Case No. 89-CR-156, PAGEID #: 53.)

McBroom was released on parole on May 1, 2001. (Doc. #7, SCR, Exhibit 5, PAGEID #: 55.)

On August 13, 2002, McBroom was convicted of one count of robbery. The Montgomery County Court of Common Pleas sentenced McBroom to a 5-year term of imprisonment. (Doc. #7, SCR, Exhibit 6, Case No. 2001 CR 03082, PAGEID #: 57.)

McBroom was released on parole on June 1, 2007. (Doc. #7, SCR, Exhibit 7, PAGEID #: 59.)

On October 22, 2008, McBroom pled guilty to and was convicted of one count of robbery. The Montgomery County Court of Common Pleas sentenced McBroom to 2 years of imprisonment. (Doc. #7, SCR, Exhibit 8, Case No. 2008 CR 01771, PAGEID #: 63.)

Less than one month later, on November 18, 2008, McBroom waived his right to a *Kellogg* mitigation hearing. (Doc. #7, SCR, Exhibit 9, PAGEID #: 65.) On January 7, 2009, McBroom was declared a parole violator, his parole was revoked, and he was notified that he would be scheduled for parole release consideration upon completion of his new 2-year sentence. (Doc. #7, SCR, Exhibit 10, PAGEID #: 66.)

McBroom went before the parole board for a release consideration hearing on March 12, 2010. The parole board recommended a parole on or about date of December 1, 2010 with actual release subject to an approved placement plan. (Doc. #7, SCR, Exhibit 11, PAGEID #: 67.)

On January 21, 2011, the parole board issued a Stop Release to allow the board to consider additional information. (Doc. #7, SCR, Exhibit 12, PAGEID #: 70.) At a rescind and rehear hearing on March 10, 2011, the parole board voted to continue McBroom to March 1, 2012. (Doc. #7, SCR, Exhibit 13, PAGEID #: 72.)

At a Central Office Board Review hearing on February 28, 2012, COBR found that McBroom was not suitable for release and voted to continue McBroom to May 1, 2014. (Doc. #7, SCR, Exhibit 14, PAGEID #: 73.)

> At a hearing on March 19, 2014, the parole board found that McBroom was not suitable for release and voted to continue McBroom to March 1, 2016. (Doc. #7, SCR, Exhibit 15, PAGEID #: 74.)
>
> .
>
> At a COBR hearing on January 26, 2016, COBR found that release would not further the interests of justice and voted to continue McBroom to January 2, 2018. (Doc. #7, SCR, Exhibit 16, PAGEID #: 75.)
>
> On September 6, 2016, McBroom, *pro se*, filed a petition for relief in mandamus the Supreme Court of Ohio. In his petition, McBroom sought an order to compel the Ohio Parole Board to reinstate his status as a parolee under O.R.C § 2967.15(B). McBroom argued that the parole revocation process in 2008 was not finalized because no sanction was imposed for the parole violation. (Doc. #7, SCR, Exhibit 19, PAGEID #: 103.) The respondent filed an answer. (Doc. #7, SCR, Exhibit 20, PAGEID #: 127.) On November 23, 2016, the Supreme Court of Ohio dismissed McBroom's petition pursuant to S.Ct. Prac.R. 12.04. (Doc. #7, SCR, Exhibit 21, Case No. 2016-1320, PAGEID #: 132.)

(Motion, ECF No. 8, PageID 147-49).

As adopted by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

Case: 3:16-cv-00514-TMR-MRM Doc #: 11 Filed: 03/21/17 Page: 4 of 7  PAGEID #: 167

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As Respondent argues, the standard time period for calculating the habeas corpus statute of limitations is one year from the date the conviction complained of became final.  McBroom's latest conviction occurred when he pleaded guilty to one count of robbery and was sentenced on October 26, 2008.  Since no appeal was taken, the statute began to run on the last date an appeal could have been taken (November 25, 2008) and expired, absent some tolling event or later start date, one year later on November 25, 2009.  Giving McBroom the benefit of the prison mailbox rule, his Petition is deemed filed in this Court when he mailed it, December 16, 2016.

However, McBroom's Petition does not attack that October 2008 conviction, but rather the Parole Authority's delay in "not finalizing revocation process within [a] reasonable time period as mandated by Ohio Revised Code § 2967.15(B) and *Morrissey v. Brewer* [408 U.S. 471 (1972)]" (Petition, ECF No. 3, PageID 29).  In his Response to the Motion, McBroom makes it clear that he is attacking the "subject-matter jurisdiction of the Ohio Adult Parole Authority to continue to incarcerate him."  (ECF No. 10, PageID 161). Because he raised that claim in a mandamus action before the Ohio Supreme Court which did not deny him relief until November 23, 2016, he reasons that his petition is timely because brought within one year of that decision. *Id.*

McBroom argues by analogy to *Magwood v. Patterson*, 561 U.S. 320 (2010).  In that case the United States Supreme Court held that a second-in-time habeas corpus application, made

after a habeas petitioner was re-sentenced, was not a second-or-successive habeas application requiring prior permission from the circuit court of appeals to proceed under 28 U.S.C. § 2244(b). Because it is judgments that are attacked in habeas, rather than initial convictions, Magwood's second-in-time petition attacking his second judgment of conviction did not require circuit court permission. Although this is a different question from the statute of limitations, Magwood's time to file would have run from the second judgment.

It is not clear to this Court whether McBroom pursued the appropriate remedy in the Ohio courts. In Ohio, mandamus is available to compel Adult Parole Authority to do non-discretionary duties, e.g., under *Morrissey v. Brewer*, 408 U.S. 471 (1972), *citing State ex rel. Atkins v. Denton*, 63 Ohio St. 2d 192 (1980); *State ex rel. Jackson v. Denton*, 5 Ohio St. 3d 179 (1983); *State ex rel. Ferguson v. Ohio Adult Parole Authority,* 45 Ohio St. 3d 355 (1989). On the other hand habeas corpus in the Ohio courts is available to test a parole action when it results in person's being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991), *citing In re Anderson*, 55 Ohio App. 2d 199 (Cuyahoga Cty. 1978). Habeas corpus rather than mandamus is the appropriate action for persons claiming entitlement to immediate release from prison. *State ex rel Lemmon v. Ohio Adult Parole Auth.,* 78 Ohio St. 3d 186, 188 (1997); *State ex rel Pirman v. Money*, 69 Ohio St. 3d 591, 594 (1994). Mandamus is also available to review claims of denial of due process by the Adult Parole Authority. *State, ex rel. Coulverson, v. Ohio Adult Parole Authority*, 62 Ohio St. 3d 12 (1991).

The Court will assume for purposes of this case that mandamus was a proper remedy to attempt on McBroom's claim of lack of jurisdiction of the Parole Authority to continue to confine. The problem from the perspective of the instant Motion to Dismiss is that McBroom waited far too long to file that mandamus action. Under 28 U.S.C. § 2244(d)((2), a properly filed

state court remedial action will toll the federal statute of limitations, but will not re-start it. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001).

McBroom asserts he is not attacking the 2008 judgment of the Common Pleas Court, but the "intervening action of the Ohio Parole Authority which terminated on December 23, 2016." (ECF No. 10, PageID 161-62). He does not tell the Court what it is that the Parole Authority did on December 23, 2016, seven days **after** he filed his habeas petition in this Court.

As the Court understands McBroom's theory, it is that the Adult Parole Authority lost jurisdiction to continue to confine him when it failed to impose a sanction within a "reasonable time" after his parole revocation hearing. McBroom does not make a claim as to what that reasonable time would have been. He admits his parole was revoked on January 7, 2009, but asserts no sanction was imposed until March 10, 2010, after he had served most of the 2008 sentence (Response, ECF No. 10, PageID 163). If that were a valid constitutional claim, then it certainly arose no later than March 10, 2010. McBroom provides no explanation of why he waited more than six years to seek mandamus relief from the Ohio courts. While mandamus or state habeas corpus is certainly a remedy he would have been expected to exhaust before coming to federal court, his failure to seek that relief in a timely fashion makes his federal petition untimely.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Respondent's Motion to Dismiss be GRANTED and the Petition herein DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, the Court should also deny

any requested certificate of appealability and certify to the Sixth Circuit that any appeal would be

objectively frivolous and should not be permitted to proceed *in forma pauperis*.


March 21, 2017.

s/ *Michael R. Merz*

Michael R. Merz
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).